JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03893-AYP** | Date | October 14, 2026 |
| Title | ***Arsenio Donis Chavez v. Jaime Rios et al*** | Page | 1 of 3 |

Present: The Honorable ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| M. Pogosyan | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS— MINUTE ORDER DISMISSING HABEAS PETITION AS MOOT**

The case is called. No appearances by counsel.

On October 6, 2026, the Court, on its own motion, set a Status Conference for October 14, 2026, at 10:30 a.m. (Dkt. No. 9.) The Court asked both parties for more information to appropriately rule on the Petition. On October 14, 2026, the Court received Petitioners Notice of Release and Request to Vacate Status Conference, stating that "he has been released from immigration custody. On October 10, 2026, an Immigration Judge granted Petitioner release on bond. The bond was paid on October 11, 2026, and Petitioner has since been released from ICE custody. In light of Petitioner's release, the relief sought in his habeas petition has been obtained, and the petition is now moot." (Dkt. No. 10 ("Status Report").)

This filing did not adhere to Court's standing rules and procedures requiring a "request a change of hearing date because of a calendar conflict, the parties shall notify the Courtroom Deputy Clerk via email as soon as the need to reschedule a hearing is discovered, and no later than five court days before the scheduled proceeding." (Civil Standing Order, Honorable Anna Y. Park, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-anna-y-park ("Standing Order").) The condensed timeline here excuses the five-day requirement, but Petitioner should have emailed chambers to notify the Court of the need to vacate the hearing as

soon as it was discovered. Nevertheless, the Court vacates the hearing and grants Petitioner's request to dismiss without prejudice habeas as moot.

The Court finds that because Petitioner has been granted both forms of relief sought, the habeas Petition is moot. Accordingly, the Petition is dismissed without prejudice.

Mootness is "the doctrine of standing set in a time frame." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc*., 528 U.S. 167, 189 (2000). As Article III courts may only adjudicate actual, ongoing cases or controversies, *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988), courts do not have jurisdiction to hear a case that is moot, "where no actual or live controversy exists." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation ... there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id*. "Collateral consequences create concrete legal disadvantages." *Alam v. Carter*, 843 F.Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted). "[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot." *Mejia v. Semaia*, No. 5:25-CV-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025). *See Alam*, 843 F. App'x at 954 (holding that petitioner's release from detention mooted his petition for a writ of habeas corpus because he received the relief sought, and an alleged risk of re-detention was a "speculative and hypothetical" collateral consequence).

Here, Petitioner's release does not give rise to "collateral consequences" that are redressable by success on his original petition. Petitioner sought immediate release or a bond hearing. As noted by Petitioner in the Status Report, Petitioner received both and is now released from detention. The Respondent released

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03893-AYP** | Date | _October 14, 2026 |
| Title | ***Arsenio Donis Chavez v. Jaime Rios et al*** | Page | 3 of 3 |

Petitioner before the District Court ruled on the habeas application. Based on the challenges asserted in the Habeas Petition, the Court finds that no collateral consequences remain such that the Habeas Petition presents a live case or controversy.

Thus, the Court dismisses the Petition as moot without prejudice.

IT IS SO ORDERED.

: 5

Initials of Preparer mp